UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TRACY ADAMS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 10-cv-1396 |
| DANEEN VANDRA, *Manager of the Hurlburt House*, | )<br>)<br>) |
| Defendant. | )<br>) |

## O R D E R & O P I N I O N

Before the Court is Plaintiff's Complaint (Doc. 1) and Motion for Leave to Proceed in forma pauperis (Doc. 2). Plaintiff is seeking to file a claim against Daneen Vandra, who he alleges is the manager of the apartment complex at which he lives. However, Plaintiff's Complaint does not specify the federal legal basis for his claim, and upon initial review the Court could not determine the basis for its jurisdiction. Accordingly, the Court directed Plaintiff to file an Amended Complaint in which he indicated why his claim belonged in federal court. (Text Order of 1/11/2011). In response, Plaintiff filed a Letter alleging additional facts regarding his claim. (Doc. 3).

In his Complaint and Letter, Plaintiff alleges that the basis for his claim is the fact that Defendant filed a false police report against him which led to him being "tased" by the police and taken to a mental hospital. (Doc. 1 at 5; Doc. 3). "Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651,

657 (7th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause" and therefore the Court must consider the question before allowing the case to proceed. *See Ex parte McCardle*, 74 U.S. 506, 514 (1868). Moreover, the Court is "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Products, Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000) (*quoting Mt. Healthy City Board of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Based upon the Complaint and Letter before it, the Court can find no grounds for jurisdiction over Plaintiff's allegations against Defendant.[1] Plaintiff may have proper claims against Defendant for a state law cause of action such as defamation, slander, intentional infliction of emotional distress, etc., but the Court cannot find a basis for these claims to proceed in federal court.

Accordingly, Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction, and his Motion to Proceed in Forma Pauperis (Doc. 2) is RENDERED MOOT. IT IS SO ORDERED.

CASE TERMINATED.


Entered this 18th day of February, 2011.

                                                 s/ Joe B. McDade
                                              JOE BILLY McDADE
                                    United States Senior District Judge

---

[1] As Plaintiff has couched his Complaint as a "civil rights suit," perhaps Plaintiff's claim could be construed as a 42 U.S.C. § 1983 claim that Defendant's conduct deprived him of life, liberty, or property, without due process of law. (Doc. 3 at 1). However, there is no indication that Defendant, manager of Plaintiff's apartment complex, acted under the color of law. *See Germano v. Winnebago County,* 403 F.3d 926, 927 (7th Cir. 2005) (stating that one of the elements for a § 1983 violation is that the offending conduct was committed by someone acting under the color of law).